UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
IN RE:                                               :
     MARK A. TAYLOR,                       :                    ORDER
                                                     :
                                                     :
                     Debtor.                 :                    08-CV-2833 (JG)
-------------------------------------------------------------- X

JOHN GLEESON, United States District Judge:

          Mark Taylor commenced this bankruptcy appeal on June 16, 2008, seeking

review of Bankruptcy Judge Jerome Feller's April 14, 2008 order granting Midwest First

Financial Limited Partnership IV's ("Midwest") motion to lift the automatic stay in the

underlying Chapter 13 Bankruptcy proceeding pursuant to 11 U.S.C. § 362(d)(1); and of his May

8, 2008 order dismissing the case pursuant to 11 U.S.C. § 1307(c).   Midwest now moves to

dismiss Taylor's appeal as untimely.  Oral argument was scheduled to occur on Thursday,

August 29, 2008 at 11:00 AM, but Taylor failed to appear.

          For the reasons stated below, Midwest's motion is granted and the appeal is

dismissed.

## BACKGROUND

          On September 12, 2006, Midwest purchased 512 Rutland Street in Westbury,

New York, in a foreclosure sale.  At the time of the sale, the property was occupied by Tessa

Masson, and she continued to live there after the foreclosure sale without Midwest's permission.

On June 4, 2007, Midwest commenced a summary holdover proceeding in the First District

Court of Nassau County to evict Masson from 512 Rutland Street.  In an order dated September

12, 2007, the court ordered the eviction of Masson from the property based on her default in

failing to comply with the terms of a stipulated settlement.  In her request to vacate the default,

Masson stated that she "would like to work a deal to stay in house.  I found a buyer who is

negotiating with the bank and will agree to allow me to stay. The buyer is Mark Taylor." Def.'s Mem. in Supp. of Mot. to Dismiss, Ex. E.   On December 30, 2007, Taylor received a $50,000 loan from Fidelity Borrowing Mortgage Bankers for the purchase of the 512 Rutland Street Property.

On January 30, 2008, Taylor filed a Chapter 13 bankruptcy proceeding.  Midwest was listed as one of Taylor's creditors for the Rutland Street property.   Notwithstanding the automatic stay of any action by creditors upon the filing of bankruptcy, in March 2008, the Sheriff commenced physical eviction of Masson from the Rutland property.  When he learned that Taylor's bankruptcy proceeding stayed all evictions, the Sheriff discontinued the eviction. Midwest then moved in the Bankruptcy Court for an order vacating the automatic stay, which Judge Feller granted on April 14, 2008.  On May 8, 2008, Judge Feller issued an order dismissing the bankruptcy proceeding.

## DISCUSSION

On June 16, 2008, Mark Taylor, *pro se*, filed a notice of appeal from the two bankruptcy court orders.  The notice was entered long after the ten-day deadline set by Federal Rule of Bankruptcy Procedure 8002(a), for Taylor had until April 24, 2008 to file his notice of appeal of the first order, and until May 18, 2008 to appeal the second.   *See* Fed. R. Bankr. P.  R. 8002(a) ("The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from.").

Taylor states that he failed to file a timely notice of appeal because he received the signed order of the judge "way after the ten . . . day statute so [he had] no choice but [to] file an appeal after the deadline."  Designation of Record and Statement of Appeal ¶ 1.  However, "[l]ack of notice of the entry does not affect the time to appeal or relieve or authorize the court to

relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." Fed. R. Bankr. P. 9022(a). Indeed, "the prospective appellant [has] the duty of following the progress of the action and advising himself when the court makes an order he wishes to protest." *In re O.P.M. Leasing Services, Inc.*, 769 F.2d 911, 917 (2d Cir. 1985). "Notification by the clerk is merely for the convenience of litigants. And lack of such notification in itself has no effect upon the time for appeal." *In re Hilliard*, 36 B.R. 80, 83 (S.D.N.Y. 1984); *see also In re Spiegel*, Inc., 385 B.R. 35, 40 (S.D.N.Y. 2008).

Because Taylor failed to file his notice of appeal in the bankruptcy court within the ten-day time period prescribed by Rule 8002(a), this Court lacks jurisdiction to hear his bankruptcy appeal. *See In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) ("[T]he time limit contained in Rule 8002(a) is jurisdictional, and . . . in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'").

CONCLUSION

In light of Taylor's failure to file a timely notice of appeal, Midwest's motion is granted, and Taylor's appeal of the bankruptcy orders is hereby dismissed.

So ordered.

John Gleeson, U.S.D.J.

Dated: August 29, 2008
Brooklyn, New York